IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| SARAH NORDBYE, individually and on behalf of all others similarly situated, | ) ) ) | Civil No. 07-1857-JO |
| Plaintiff, | ) ) | |
| v. | ) ) | OPINION AND ORDER |
| BRCP/GM ELLINGTON, an Oregon limited liability corporation, | ) ) ) | |
| Defendant. | ) | |

Michelle L. Ryan
OREGON LAW CENTER
921 S.W. Washington Street, Suite 516
Portland, OR  97205

   Attorney for Plaintiff

Christine Coers-Mitchell
David P. Morrison
COSGRAVE VERGEER KESTER
805 S.W. Broadway, 8th Floor
Portland, OR  97205

   Attorneys for Defendant

JONES, Judge:

Plaintiff Sarah Nordbye filed this contract action against defendant BRCP/GM Ellington in Multnomah County Circuit Court in November 2007. On December 19, 2007, defendant removed the action to this court based on federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff has moved (# 7) to remand. For the reasons explained below, the motion is granted.

STANDARD

A defendant may remove an action originally filed in state court only if it originally could have been filed in federal court. 28 U.S.C. § 1441(a), (b). In the absence of diversity jurisdiction, a federal question is required for removal. In re NOS Communications, 495 F.3d 1052, 1057 (9th Cir. 2007)(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "'The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" In re NOS Communications, 495 F.3d at 1057 (quoting Caterpillar, 482 U.S. at 392). Indeed, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 (1986). Rather, federal-question jurisdiction extends only to those cases in which a well-pleaded complaint establishes *either* that federal law creates the cause of action, *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983).

DISCUSSION

    1.    <u>Plaintiff's Allegations</u>

Plaintiff's complaint, which is styled as a class action complaint for declaratory and injunctive relief, alleges one claim for breach of contract. The contract at issue is a Declaration of Land Use Restrictive Covenants for Low-Income Housing Tax Credits ("Declaration"), executed in December 1991 by and between Rose City Limited Partnership, the owner of a property known at that time as Rose City Village Apartments, and the State of Oregon. <u>See</u> Complaint, Exhibit 1. Under the terms of the Declaration, Oregon agreed to provide tax credits to the owners in exchange for an agreement to keep the entire property affordable to tenants below 60 percent of median income for 30 years and comply with other aspects of the tax credit program. Complaint, ¶ 4. Plaintiff alleges that defendant has owned the property since at least June 2006. Complaint, ¶ 7.

Plaintiff alleges that she resided at Rose City Village from July 2004 to July 2006, when she received an eviction notice from management. The notice instructed her either to move out or pay an additional $260.00 in rent. Complaint, ¶¶ 1, 2. "Most, if not all, of the other tenants received similar notices and most of them, including [plaintiff], moved away from the complex." <u>Id</u>., ¶ 2.

Plaintiff alleges that the covenants in the Declaration are covenants running with the land, and that defendant has breached the Declaration by renting to tenants who are not under 60 percent of area medium income. Complaint, ¶¶ 6, 8. For purposes of the class action, plaintiff characterizes the issues of fact and law as: "Whether defendant is bound by the Declaration,

3 - OPINION AND ORDER

including the provisions as to limits on incomes of tenants, limits on rents and utilities that can be charged, and good cause for eviction." Complaint, ¶ 11.

Plaintiff further alleges that "[u]nder the terms of that [Declaration] and 24 [U.S.C. §] 42(h)(6)(B)(ii), former, present and prospective tenants are third party beneficiaries of that agreement and have the right to enforce the [Declaration] in court." Complaint, ¶ 5. Plaintiff seeks declaratory and injunctive relief requiring defendant, in essence, to rent all 264 apartment units to households earning less than 60 percent of area medium income until expiration of the Declaration on January 1, 2021, and to comply with the requirements of the Low Income Housing Tax Credit Program and the conditions of the Declaration. Complaint, p. 5.

2.  Defendant's Notice of Removal

In its notice of removal, defendant characterizes plaintiff's claim as follows:

Plaintiff claims, pursuant to 24 U.S.C. § 42(h)(6)(B)(ii), that she has a right to enforce a Declaration of Land Use Restrictive Covenants for Low-Income Housing Tax Credits (Declaration) entered into by the State of Oregon and one of [defendant's] predecessor's in interest to a property known as the Rose City Apartments (Property). Plaintiff seeks a declaration that [defendant], who currently owns the Property, must rent 264 units of housing only to households that earn less that 60% of area median income and that it must comply with all other requirements of the federal Low Income Housing Tax Credit Program until January 1, 2021. Plaintiff further requests a permanent injunction prohibiting [defendant] from taking any action that does not comply with the requirements of the federal Low Income Housing Tax Credit Program and prohibiting [defendant] from renting units on the Property to households that have income greater than 60% of median area income.

Notice of Removal, pp. 2-3.

3.  The Parties' Arguments

Plaintiff contends that remand is required because her complaint contains no federal claim; rather, she seeks to enforce a recorded covenant (the Declaration) that created an

"equitable servitude and deed restrictions" by obtaining a declaration of rights and legal duties pursuant to the Oregon declaratory relief statute, ORS 28.010.  Plaintiff's Reply, p. 2.  Plaintiff describes the parties' dispute as "whether the current owner is bound by the Covenant."  Id. at 3.  Plaintiff further contends that her claim does not "arise under" federal law because the governing federal statute, 26 U.S.C. § 42(h)(6)(B), requires the *Declaration* -- the agreement between Oregon and the property owner -- to allow qualified low-income tenants "the right to enforce in State court the [rent restriction] requirements,"[1] which she interprets as vesting exclusive jurisdiction in state court.  Plaintiff's Reply, p. 3.

Defendant, in turn, contends that "[b]y the terms of her complaint, plaintiff's alleged right to enforce [the Declaration], as well as the remedies she seek[s], derive from federal law -- 26 U.S.C. § 42(h)(6)(B)(ii).  And, in fact, the determination of plaintiff's claim requires a resolution of substantial federal questions regarding the enforcement of declarations required by 26 U.S.C. § 42, as implemented by state governments."  Defendant's Opposition, pp. 1-2.

---

[1] 26 U.S.C. § 42(h)(6) mandates, among other things, that termination of the long-term commitment to low-income housing does not permit, before the end of a three-year period following termination,

> (I)  the eviction or the termination of tenancy (other than for good cause) of an existing tenant of any low-income unit; or
>
> (II)  any increase in the gross rent with respect to such unit not otherwise permitted under this section.

26 U.S.C. § 42(h)(6)(B)(I) and (E)(ii).

5 - OPINION AND ORDER

4.     Analysis

Defendant is correct that the Low-Income Housing Tax Credit Program ("LIHTCP"), which was established under Section 42 of the Internal Revenue Code, is "complex, to say the least." Defendant's Opposition, p. 2. Defendant is not correct, however, that plaintiff's right to relief "depends on substantial, disputed federal questions." Defendant's Opposition, p. 6.

Despite the apparent complexity of the LIHTCP, the resolution of this case will center on state law, the interpretation of the Declaration, which created a covenant that runs with the land, and the effect of the March 2005 Settlement, Satisfaction and Partial Release Agreement, Exhibit 1 to the Declaration of Christine Coers-Mitchell, between defendant's predecessor and the state of Oregon.[2] Oregon has implemented the LIHTCP, created a Qualified Allocation Plan, and conducts the tax credit program within the state. As part of its implementation of the LIHTCP, Oregon requires the tax credit applicant to enter into a Declaration of Land Use Restrictive Covenants. Among other things, the Declaration at issue provides:

> The Owner hereby agrees that any and all requirements of the laws of the State of Oregon to be satisfied in order for the provisions of this Declaration to constitute deed restrictions and covenants running with the land shall be deemed to be satisfied in full * * *, or in the alternate, that an equitable servitude has been created to insure that these restrictions run with the Project.

---

[2]     The settlement agreement, which was recorded in the Multnomah County real estate records, requires that for three years after the date of the settlement (i.e., until March 2008), "the Partnership, and any successor in interest thereto, or other owner of the Property, shall not evict or terminate the tenancy of an existing tenant of any low-income unit on the Property other than for good cause and shall not increase the gross rent above the maximum allowed under the IRC with respect to such low-income units." Declaration of Christine Coers-Mitchell, Exhibit 5. Presumably, defendant became aware of that provision when it performed due diligence before purchasing the property; whether the State of Oregon (which is not a defendant) could enter the settlement agreement and whether the agreement binds defendant are issues of state law.

6 - OPINION AND ORDER

Complaint, Exhibit 1, section 2(b). The Declaration is the document at issue in this case, as modified by the settlement agreement. The state program mandates that tenants have recourse to the courts;[3] that recourse is memorialized in the Declaration. The federal statute itself contains no similar right of action. I therefore do not agree with defendant that plaintiff's right to relief, if any, is created by federal law, or that the resolution of this case requires a substantial examination of the intricacies of the federal LIHTCP. See Franchise Tax Bd., supra, 463 U.S. at 13. Consequently, I conclude that this court lacks subject matter jurisdiction over this action and that remand to state court is required.

## CONCLUSION

Plaintiff's motion to remand (# 7) is GRANTED and this action is remanded to Multnomah County Circuit Court. Plaintiff's request for attorney fees and costs associated with her motion is denied, and any other pending motions are denied as moot.

DATED this 10th day of March, 2008.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

---

[3] Because of my decision, I do not reach plaintiff's argument that the mandated recourse to state court divests federal courts of subject jurisdiction in all cases, if indeed there were some valid basis for federal court jurisdiction.

7 - OPINION AND ORDER